## United States Bankruptcy Court
### Northern District of Indiana

In re  **Frederick C. Botts, Jr.**
      **Ronda L. Botts**
                      Debtor(s)

Case No.
Chapter  **13**

# CHAPTER 13 PLAN

1. <u>Payments to the Trustee</u>: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$1,350.00** per month for **60** months.

   Total of plan payments: **$81,000.00**

2. <u>Plan Length</u>: This plan is estimated to be for **60** months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

   a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328.

   b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

   c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4. From the payments received under the plan, the trustee shall make disbursements as follows:

   a. Administrative Expenses
   (1) Trustee's Fee:  **5.00**%
   (2) Attorney's Fee (unpaid portion):  **$3,400.00 to be paid through plan in monthly payments**
   (3) Filing Fee (unpaid portion):  **NONE**

   b. Priority Claims under 11 U.S.C. § 507

   (1) Domestic Support Obligations

       (a) Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

       (b) The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

       **-NONE-**

       (c) Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

   | Creditor (Name and Address) | Estimated arrearage claim | Projected monthly arrearage payment |
   |---|---|---|
   | -NONE- | | |

       (d) Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

       Claimant and proposed treatment:  **-NONE-**

(2) Other Priority Claims.

| Name | Amount of Claim | Interest Rate (If specified) | Total Paid |
|---|---|---|---|
| **Indiana Department of Revenue** | **0.00** | **0.00%** | **0.00** |
| **Internal Revenue Service** | **1,935.06** | **0.00%** | **1,935.06** |

c. Secured Claims

(1) Pre-Confirmation Adequate Protection Payments.  Pre-confirmation adequate protection payments to the following Creditors holding allowed claims secured by a purchase money security interest in personal property shall be paid by the Trustee through the plan as provided below.  Adequate protection payments shall not accrue or be paid until the Creditor files a proof of claim.  The principal amount of the Creditor's claim shall be reduced by the amount of the adequate protection payments remitted.

| Name | Description of Collateral | Pre-Confirmation Monthly Payment |
|---|---|---|
| **Capital One Auto Finance** | **2006 Ford Escape** | **151.89** |
| **Indiana Department of Revenue** | **Residence** | **5.68** |
| **City Ntl Bk/Ocwen Loan Service** | **Residence** | **894.32** |

(2) Secured Debts Which Will Not Extend Beyond the Length of the Plan

(a) Secured Claims Subject to Valuation Under § 506.  The Debtor moves the Court to value collateral as follows according to 11 U.S.C. § 506(a).  Each of the following secured claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full.  Any remaining portion of the allowed claim shall be treated as a general unsecured claim.  Any claim with a secured value of $0 shall be treated as a general unsecured claim.

| Name/Description of Collateral | Proposed Amount of Allowed Secured Claim | Monthly Payment | | Interest Rate (If specified) | Total Paid |
|---|---|---|---|---|---|
| **Capital One Auto Finance** **2006 Ford Escape** | **8,500.00** | **151.89** | **Mos 1-60** | **5.25%** | **9,113.40** |
| **Indiana Department of Revenue** **Residence** | **280.00** | **5.68** **5.50** | **Mos 1-59** **Month 60** | **8.00%** | **340.62** |

(b) Secured Claims Not Subject to Valuation Under § 506.  Each of the following claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

| Name/Description of Collateral | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) | Total Paid |
|---|---|---|---|---|
| **-NONE-** | | | | |

(3) Secured Debts Which Will Extend Beyond the Length of the Plan

| Name/Description of Collateral | Amount of Claim | Monthly Payment | | Interest Rate (If specified) | Total Paid (during plan term) |
|---|---|---|---|---|---|
| **City Ntl Bk/Ocwen Loan Service** **Residence** | **122,579.00** | **894.32** | **Mos 1-60** | **per contract** | **53,659.20** |

d. Unsecured Claims

(1) Special Nonpriority Unsecured: Debts which are co-signed or are non-dischargeable shall be paid in full (100%).

| Name | Amount of Claim | Interest Rate (If specified) | Total Paid |
|---|---|---|---|
| **-NONE-** | | | |

(2) General Nonpriority Unsecured: **THIS IS A BASE PLAN.  All monies paid into Debtor(s)' Plan shall first be applied to pay in full any allowed administrative claims, priority claims, and secured claims.  If any funds remain after the payment in full of any administrative claims, priority claims, and secured claims, then it shall be paid as a Base Plan to the unsecured creditors, pro rata.**

5. The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee:

| Creditor/Description of Collateral | Amount of Default to be Cured | Monthly Payment | Interest Rate (If specified) | Total Paid |
|---|---|---|---|---|
| **City Ntl Bk/Ocwen Loan Service** **Residence** | **3,000.00** | **Prorata** | **0.00%** | **3,000.00** |

6. The Debtor shall make regular payments directly to the following creditors:

| Name/Description of Collateral | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **-NONE-** | | | |

7. The employer on whom the Court will be requested to order payment withheld from earnings is:
   **NONE.  Payments to be made directly by debtor without wage deduction.**

8. The following executory contracts of the debtor are rejected:

| Other Party | Description of Contract or Lease |
|---|---|
| **-NONE-** | |

9. Property to Be Surrendered to Secured Creditor

| Name/Description of Collateral | Amount of Claim | Description of Property |
|---|---|---|
| **-NONE-** | | |

10. The following liens shall be avoided pursuant to 11 U.S.C. § 522(f), or other applicable sections of the Bankruptcy Code:

| Name/Description of Collateral | Amount of Claim | Description of Property |
|---|---|---|
| **-NONE-** | | |

11. **Title to the Debtor's property shall remain property of the bankruptcy estate until discharge, dismissal, or closing of the bankruptcy case.  Debtor shall contribute any combined tax refunds, not including any FEDERAL OR STATE earned income or child tax credits, over $750.00 to the Trustee for the TAX years of 2013, 2014, and 2015 Debtors are in the Chapter 13 plan. The Trustee shall apply any tax refunds received from Debtor to first pay in full any allowed administrative claims, priority claims, secured claims, and lastly to any allowed general unsecured claims as under a "base plan".  To the extent that the tax refunds reduce the total amount to be paid in the plan under Paragraph 1, the plan length shall be reduced accordingly. However, the plan shall not be reduced to fewer than 36 months, unless the Trustee has received enough funds to pay creditors 100% of allowed claims.  In the event the preceding debts are fully paid in accordance with any confirmed plan after the plan's 36th month, but before the end of the plan's 60th month, then Debtor(s)' plan shall be deemed FULLY PAID and completed.  Secured creditors having a vehicle or vehicles as collateral shall be paid on the same disbursement level as the mortgage company.**

12. As used herein, the term "Debtor" shall include both debtors in a joint case.

13.  Other Provisions:

SUMMARY AND ANALYSIS OF PLAN PAYMENTS TO BE MADE BY TRUSTEE

Total debt provided under the Plan and administrative expenses:

1. Attorney Fees — **3,400.00**
2. Arrearages — **3,000.00**
3. Secured Claims — **63,113.22**
4. Priority Claims — **1,935.06**
5. Separate Class of Unsecured Claims — **0.00**
6. All other unsecured claims — **5,501.72**

Total payments to above Creditors — **76,950.00**
Trustee fees — **4,050.00**
Total Debtor payments to the Plan — **81,000.00**

Reconciliation with Chapter 7:

Interest of unsecured creditors if Chapter 7 filed
- Total property of debtor — 143,084.65
- Property securing debt (excludes avoided liens) — 134,359.00
- Priority unsecured claims (Schedule E) — 1,935.06
- Exempt property — 8,425.65
- Administrative Costs — 75.00
- Available to General Unsecured (Under Chapter 7) — 0.00
- Total General Unsecured — 257,807.77

Percent of unsecured, nonpriority claims paid if Chapter 7 filed (est.) — **0%**

Percent of unsecured, nonpriority claims paid under Plan — **2%**

Date  2/20/14          Signature  FREDERICK BOTTS BY ATTORNEY SETH BUITENDORP
                                  **Frederick C. Botts, Jr.**
                                  Debtor

Date  2/20/14          Signature  RONDA BOTTS BY ATTORNEY SETH BUITENDORP
                                  **Ronda L. Botts**
                                  Joint Debtor

/s/ R Buitendorp 23304-64

**Seth R. Buitendorp 23304-64**
Attorney for Debtor(s)
**ATTORNEY AT LAW**
**1000 E. 80th Place**
**Suite 555 North Tower**
**Merrillville, IN 46410**
**219-755-0400 Fax:219-755-0410**
**seth@sethbuitendorp.com**